**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**OPHELIA HARLEY,**
        **Plaintiff**   :   CIVIL ACTION

    v.

**NATIONSCREDIT CONSUMER DISCOUNT COMPANY,**   :   NO. 02-
        **Defendant**

## COMPLAINT

1. This is an action seeking damages, a declaration of rescission, and remedies for rescission under the federal Truth-in-Lending Act, 15 U.S.C. section 1601, et seq.("the TILA") against the assignee of a lender in a "predatory loan" transaction.

2. Jurisdiction of this court to hear this action is conferred by 15 U.S.C. section 1640 (e) of the TILA .

3. The Plaintiff in this action is OPHELIA HARLEY, an elderly individual residing at 8637 Gilbert Street, Philadelphia, PA 19050 ("the Home").

4. The Defendant in this action is NATIONSCREDIT CONSUMER DISCOUNT COMPANY, a Pennsylvania corporation the registered address of which is c/o C.T. Corporation system, 1515 Market St., Suite 1210, Philadelphia, PA. 19103, which is the registered owner of the fictitious name NATIONSCREDIT HOME EQUITY SERVICES, the entity which has advised the Plaintiff that it holds her loan at present.

5. The Plaintiff became involved in the transaction at issue when a representative of First Mutual Corp. ("1st Mutual") solicited her by telephone to refinance her promising that 1st Mutual could get her a loan to pay off all of her bills and allow her to obtain $10,000 in cash as well.

6. Not having been advised of the terms of any such loan, the Plaintiff decided to make the proposed loan, and a man came to the Home on or about June 29, 1999, with certain papers which he had her sign.

7. The Plaintiff did not receive copies of any of the papers which she signed in connection with the transaction at that time. However, approximately two weeks later she was mailed a packet of papers, several of which bore her signature and therefore she believes that she signed at the Home on June 29, 1999. Among these were a settlement statement, a Balloon Note, and a Mortgage, copies of which are attached hereto as Exhibits "A," "B," and "C," respectively.

8. The Plaintiff did not receive back a copy of any Truth-in-Lending disclosure statement, nor did she receive back a copy of any notice of her right to cancel the transaction . These deficiencies resulted in significant disclosure violations and deprivation of the Plaintiff's right to cancel within three days from the date of the loan.

9. The loan in question failed to pay all of the Plaintiff's debts, did not result in her receiving any cash, and featured a balloon payment at the end of the loan, thus resulting in a loan which was highly detrimental to her.

10. The loan documents also reveal that several charges, specifically a a $350 "document preparation fee," $395 labelled only as "Janet Gold attorney review," and  three inscrutable charges of $50 each by "Northeast Exec. Abstract."

11. On March 11, 2002, the Plaintiff, by her counsel, directed a letter to the Defendant expressing their desire to rescind the transaction at issue. A copy of this letter is attached hereto as Exhibit "D."

12. The Defendant has not responded to this letter. However, it has taken no action to Satisfy the mortgage or return any payments to the Plaintiff and therefore it is clear that the Defendant has not reacted appropriately to this valid request for rescission.

13. The transaction described herein is a closed-end consumer financing transaction within the scope of the TILA and of the HOEPA provisions of the TILA.

14. The Plaintiff did not receive a Truth-in-Lending nor a right to cancel form, nor did she receive accurate disclosures of some of the terms in the transaction as required by the TILA, including, but not limited to, the finance charges and the annual percentage rate in the transaction, in violation of 15 U.S.C. section 1638(a).

15. The failure of the Defendant to provide necessary disclosures or to adequately disclose certain terms of the transaction, particularly the finance charges and the annual percentage rate, constitute material disclosure violations which entitled the Plaintiff to rescind the instant loan transaction.

16. The Plaintiff duly exercised her right to rescind this transaction, but the Defendant wrongfully refused to honor same.

   WHEREFORE, the Defendant is obliged to satisfy its security interests in the Plaintiff's Home, desist from any claim for finance charges, return all of the Plaintiff's payments, and is liable for additional statutory damages of $2000 and is barred from making any claim for payment against the Plaintiffs, plus attorney's fees and costs, and is liable to repay all finance charges and fees paid by them, pursuant to 15 U.S.C. sections 1635(b), 1640(a)(2)(A)(iii), and (a)(3).

              _____
              DAVID A. SCHOLL
              200 E.State St., Suite 309
              Media, PA. 19063
              610-566-1006
              Attorney for Plaintiff

Case 2:02-cv-02891    Document 3    Filed 05/20/2002    Page 4 of 4